**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LABORERS PENSION TRUST
FUND–DETROIT & VICINITY, et al.

      Plaintiffs,

v.                                              Case No. 06-CV-11978-DT

CHARLES E. ROBERTSON d/b/a PADDOCK
GUNITE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE AND LACK OF PROSECUTION**

On April 28, 2006, Plaintiffs initiated this action against Defendant Charles E. Robertson d/b/a Paddock Gunite Company, seeking to collect unpaid fringe benefit contributions pursuant to 29 U.S.C. § 1132 of the Employment Retirement Income Security Act ("ERISA"). Plaintiffs are a collection of trust funds who claim that they are owed contributions from Defendant pursuant to various collective bargaining agreements.

Almost five months after the complaint was filed, a review of the docket indicated that Defendant had never been served with a copy of the summons and complaint. (*See* 9/15/06 Order.) Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the court shall dismiss the action without prejudice as to that defendant. Further, Eastern District of Michigan Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution. Thus, on September 15, 2006, the court

ordered Plaintiffs to show cause why this action should not be dismissed for lack of prosecution.

Plaintiffs responded on September 20, 2006, stating simply that Plaintiffs' process server is "having difficulty locating" Defendant.  (9/20/06 Resp. at 1.)  In support of their argument that they have diligently pursued service of Defendant, Plaintiffs have submitted three communications addressed to their process server.  First, Plaintiffs submit a memorandum dated July 5, 2006, stating simply "Please serve the attached Summons and Complaint on the defendant and call me . . . if you have any questions."  (Pls.' Ex. A.)  This letter, addressed over two months after the complaint was filed, is presumably the first attempt that Plaintiffs made to serve Defendant.  In the second memorandum addressed to the process server, dated August 18, 2006, Plaintiffs provided one additional address at which Defendant could potentially be located.  (Pls.' Ex. B.)  Plaintiffs do not explain why it took an additional six weeks to provide an alternative address to the process server, or how many attempts the process server made to serve Defendant at either the original address or the updated address.  Finally, Plaintiffs have also submitted to the court a copy of a September 8, 2006 letter sent to the process server, providing a final possible address for Defendant. (Pls.'s Ex. B.)

Plaintiffs do not allege that Defendant is evading service, nor do they provide an affidavit from the process server indicating how many times service was attempted or what type of "difficulty" the server has encountered in attempting to locate Defendant.  Plaintiffs do not give any assurance that any of the addresses which they have obtained for Defendant are valid, nor do they give any indication as to how much additional time they require to effect service on Defendant.  Indeed, the summons issued by the clerk of

the court has already expired, and Plaintiffs have not filed any motion to extend the time for service, to renew the summons, or to allow an alternative form of service.  The court finds that under these circumstances Plaintiffs have not shown "good cause" for their failure to effect service on Defendant, Fed. R. Civ. P. 4(m), or for their failure to prosecute this case, E.D. Mich. LR 41.2.  Accordingly,

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of service and failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m) and Eastern District of Michigan Local Rule 41.2.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522